IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JULIA A. MARTIN                                                                PLAINTIFF

    V.                                      CIVIL NO. 2:14-cv-2199-MEF

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Julia Martin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

## I. Procedural Background

Plaintiff protectively filed her application for SSI on May 10, 2012, alleging disability due to heart problems, high blood pressure, Barrett's esophagus, arthritis, kidney problems, liver problems, and anxiety. (Tr. 726, 870) The state agency denied Plaintiff's application at the initial and reconsideration levels. (Tr. 773-787) An administrative hearing was held on August 8, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 743-772)

By a written decision dated September 13, 2013, the ALJ found Plaintiff had the following severe impairments: hypertension, coronary artery disease, status post coronary artery bypass (x3 vessels), Barnett's esophagitis [sic], obesity, anxiety, and depression.  (Tr. 728) After reviewing all

-1-

of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment in the Listing of Impairments. (Tr. 728-730) The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with "simple tasks and simple instructions." (Tr. 730).

With the help of a vocational expert (VE), the ALJ determined Plaintiff could not perform her past relevant work (PRW), but could perform the requirements of the representative occupations of cashier and production/power screwdriver operator. (Tr. 734-736) The ALJ then found Plaintiff had not been under a disability as defined by the Act during the relevant time period. (Tr. 736)

Plaintiff next requested a review of the hearing decision by the Appeals Council, which denied the request on August 7, 2014. (Tr. 1-4) Subsequently, Plaintiff filed this action September 18, 2014. (Doc. 1) This case is before the undersigned pursuant to the consent of the parties. (Doc. 6) Both parties have filed appeal briefs, and the case is ready for decision. (Docs. 12, 13)

## II.  Applicable Law.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it

-2-

simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 416.920(a)(4). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920(a)(4)(v).

## III. Discussion

Plaintiff believes the ALJ's RFC determination was not based on substantial evidence, and contends the ALJ also posed an improperly phrased hypothetical to the VE. (Doc. 12, pp. 15-19)

The record shows Plaintiff was diagnosed with accelerated hypertension, anxiety, and chronic esophagitis in March 2012 by Dr. Salhuddin Kaddoura, a treating physician. (Tr. 1137-1138, 1822) In August 2012, Plaintiff underwent a triple bypass operation. (Tr. 1542-1544) At a post-surgery follow-up on August 23, 2012, Dr. Kaddoura noted Plaintiff was "doing fair," and her blood pressure was stable. (Tr. 1813) Dr. Kaddoura submitted a Medical Source Statement dated the same day and opined Plaintiff could lift or carry five pounds occasionally; stand or walk less than two hours in an eight hour workday; sit less than six hours in an eight hour workday; could only occasionally climb, balance, kneel, crouch, or crawl; had a limited ability to reach; and had limited ability to be exposed to environmental irritants. (Tr. 2309-2311) ER treatment notes from Dr. Charles Muzondi show Plaintiff's hypertension was uncontrolled in February 2013, secondary to her non-compliance. (Tr. 2071-2072) In June 2013, Plaintiff underwent a heart catheterization and angioplasty to treat an unstable angina, and stents were placed in two arteries. (Tr. 2400-2401)

In addition to Dr. Kaddoura's Medical Source Statement, non-examining consulting physicians submitted two assessments of Plaintiff's physical RFC, two non-examining consultants offered mental RFC opinions, and Plaintiff was examined by Dr. Terry Efird, a consulting psychologist. (Tr. 1410, 1415-1418, 1844, 1434-1437, 2294-2300)

The ALJ stated Dr. Kaddoura's "opinion is given limited with [sic] because it is inconsistent with the treatment notes, physical examinations, diagnostic testing, improvement, subjective complaints, and her activities of daily living." (Tr. 733) The ALJ also discounted the consulting physicians' physical RFC opinions "because they are inconsistent with the medical evidence of record, subjective complaints, and her activities of daily living and are not supported by the record." (*Id*.) Similarly, the ALJ stated the consulting physicians' mental RFC opinions "are given limited

weight because they are inconsistent with the treatment notes, consultative report, mental status exams, GAF scores, subjective complaints, and her activities of daily living." (*Id*.) Finally, the ALJ gave Dr. Efird's opinions "limited weight because it is inconsistent with the medical evidence of the record, subjective complaints, and her activities of daily living." (*Id*.)

After discounting the opinions of all the physicians for vague reasons, the ALJ determined Plaintiff's "condition has stabilized and her physicians have recommended that the claimant proceed with only conservative treatment." (Tr. 734) The ALJ also stated Plaintiff's daily activities were "fully consistent" with the RFC assessment. (*Id*.) The ALJ then concluded the objective medical evidence supported the RFC assessment. (*Id*.)

Defendant highlights evidence such as medical notations Plaintiff was "doing well after her CABG [coronary artery bypass grafting] surgery," Plaintiff's non-compliance with medications, and Dr. Kaddoura's statement Plaintiff's high blood pressure "seems to be holding well," as support for the ALJ's conclusion Plaintiff's "condition had stabilized." (Tr. 734, 1818, 1860; Doc. 13, pp. 10-13) Doing well for the purposes of treatment, however, does not mean a person can work or necessarily indicate an ability to perform a work-related RFC. *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Dr. Kaddoura's restrictive opinion and Plaintiff's June 2013 heart operation also undermine the ALJ's conclusion that Plaintiff's heart condition was stable.

The ALJ's decision to discount Dr. Kaddoura's opinion without providing good reasons, by itself, requires remand. The opinion of a treating physician is accorded special deference and given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2). An ALJ must give "give good reasons" for discounting a treating physician's opinion. *Prosch v.*

*Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000). If the ALJ finds the treating physician's opinion was not entitled to controlling weight, the ALJ utilizes the following factors to assign a weight to the opinion: examining relationship; treatment relationship including the length of the treatment relationship and the frequency of examination and nature and extent of the treating relationship; supportability; consistency; specialization; and, any other factors the Plaintiff brings to the ALJ's attention. 20 C.F.R. §§ 404.1527(c)(1-6), 416.927(c)(1-6).

Dr. Kaddoura's treatment notes indicate Plaintiff was recovering from her bypass operation, her blood pressure was responding to medications, and she was having fewer gastrointestinal problems, but continuing to experience chest pain, hypertension, anxiety, and depression. (Tr. 1128-1132, 1147-1149, 1813-1821) These treatment notes are not significantly inconsistent his Medical Source Statement. Dr. Kaddoura's opinions are also not inconsistent with any diagnostic testing, or Plaintiff's subjective complaints and daily activities.[1] While there were identifiable reasons for discounting Plaintiff's subjective complaints such as non-compliance, it is a stretch to say Plaintiff's activities were "fully consistent" with the RFC assessment or find her activity level justifies discounting Dr. Kaddoura's opinion. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998).

Even if the ALJ had identified good reasons for discounting Dr. Kaddoura's Medical Source Statement, as a treating physician his opinions should still have been entitled to more than limited weight. *See Papesh v. Colvin*, 786 F.3d 1126, 1132-1133 (8th Cir. 2015); *See also Samons v. Astrue*,

---

[1]At the hearing, Plaintiff testified she performs chores such as laundry and dish washing, and walks about one block per day for exercise, but acknowledged she was non-compliant with taking Plavix. (Tr. 756-764) In her function report, Plaintiff indicated she completes chores with frequent breaks, watches tv, prepares simple meals, goes to the grocery store, talks on the phone with others, and can handle a savings account and balance a check book. (Tr. 734, 888-892).

497 F.3d 813, 818 (8th Cir. 2007) ("Even if the opinion is not entitled to controlling weight, it should not ordinarily be disregarded and is entitled to substantial weight.").

While there is concerning evidence in the record Plaintiff was not compliant with taking Plavix and often relied on ER services for her treatment, the ALJ's decision does not provide an adequate medical basis for the RFC determination. *See Lauer v. Apfel*, 245 F.3d 700, 705-706 (8th Cir. 2001). In addition to discounting Dr. Kaddoura's opinions, the ALJ discounted all of the other opinions offered by physicians, surmised Plaintiff's conditions were controlled, and fashioned an RFC only supported, it seems, by his evaluation of Plaintiff's daily activities. Accordingly, the undersigned finds the ALJ's RFC determination is not based on substantial evidence.

On remand, the ALJ should articulate specific reasons for discounting a physician's opinion, apply the 20 C.F.R. Section 404.1527 factors to appropriately weight the opinion evidence, and identify a medical basis for the RFC assessment.

**IV. Conclusion**:

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of August, 2015.

/s/  *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE